IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                                    **CRIMINAL NO. 2:20-cr-17-TBM-MTP-1**

**GEORGIO R. SCOTT**

### ORDER DENYING MOTION FOR COPY OF PRESENTENCE REPORT

Defendant Georgio R. Scott, who is proceeding *pro se*, has filed a Motion [90] requesting a copy of the Presentence Investigation Report, the addendums, and the objections filed on his behalf. Scott was sentenced by this Court on October 21, 2021, to 92 months of imprisonment after pleading guilty to being a felon in a possession of a firearm in an open plea without the benefit of a plea agreement. He is currently incarcerated at the United States Penitentiary in McCreary County, Kentucky, and has an expected release date of October 14, 2026.[1]

After sentencing, Scott filed a number of motions objecting to information contained within the presentence investigation report—even though his counsel filed objections [47-3] which were heard before this Court imposed Scott's sentence. For example, in his Motion to Vacate [60], Scott argued that the Court considered improper conduct in calculating his guideline range and also misapplied the sentencing guidelines. Scott also sought relief based on various claims for ineffective assistance of counsel arising out of representation during sentencing—as his counsel allegedly manipulated him into foregoing objections to the PSR—failure to file a motion to suppress

---

[1] Find an inmate, Georgio R. Scott, available at https://www.bop.gov/inmateloc/ (last accessed August 26, 2025).

evidence, failure to request a downward departure based on prior military service, and failure to object to two criminal history points. The Court denied Scott's Motions in an eighteen-page opinion, explaining that courts are permitted to consider uncharged relevant conduct in calculating the guideline range. [85], p. 8. But even if Scott's guideline range had been miscalculated, this Court explained that such arguments are not cognizable under Section 2255. *Id*. pps. 8-9. And after a thorough analysis, this Court also found that Scott's ineffective assistance of counsel claims were without merit. To be sure, despite Scott's argument that he was coerced into withdrawing an objection to the PSR, this Court found "the record contains no such evidence." [85], p. 13. Finally, this Court found that Scott also failed to show that he was prejudiced by his counsel's actions.

Now Scott requests—in a single paragraph Motion—that the Presentence Investigation Report [47] prepared by the United States Probation Office, and the attachments, be mailed to his mother at her home address. [90]. In doing so, he provides no discussion detailing his *need* for the PSR. In fact, he does not even explain *why* "he would like copies." [90]. Because there is a presumption against making presentence reports available to third parties, and neither Scott nor his mother have shown that she has a "special need" for the report, the Motion is denied.

## I. LEGAL STANDARD

Scott seeks to have his presentence report mailed to his home address "in case of any conflict with [Bureau of Prisons] policy." *Id*. To be sure, Bureau of Prisons Program Statement 1351.05 expressly prohibits inmates "from obtaining or possessing" copies of their presentence reports "for safety and security reasons."[2] But even for third parties who are not incarcerated, like Scott's mother, disclosure is generally disfavored. *See United States v. Huckaby*, 43 F.3d 135, 138

---

[2] Bureau of Prisons, Release of Information, March 2016, PDF p. 20; publication pagination p. 16, https://www.bop.gov/policy/progstat/1351_005_CN-2.pdf.

(5th Cir. 1995) (There is a "'general presumption that courts will not grant third parties access to the presentence reports of other individuals.'") (quoting *United States v. Smith*, 13 F.3d 860, 867 (5th Cir. 1994)); *United States v. Schlette*, 842 F.2d 1574, 1577 (9th Cir. 1988) (courts have usually applied a strong presumption in favor of confidentiality).

Federal Rule of Criminal Procedure 32 mandates that a presentence report must be given—prior to sentencing—to the defendant, the defendant's attorney, and an attorney for the Government. FED. R. CRIM. P. 32(e)(2). But after sentencing, presentence reports are not public documents and are typically maintained under seal. *See In re Siler*, 571 F.3d 604, 610 (6th Cir. 2009); *Ashworth v. Bagley*, 351 F. Supp. 2d 786, 789 (S.D. Ohio 2005). The Supreme Court has stated, "in both civil and criminal cases the courts have been very reluctant to give third parties access to the presentence investigation report prepare for some other individual or individuals." *U.S. Dept. of Justice v. Julian*, 486 U.S. 1, 12, 108 S. Ct. 1606, 100 L. Ed. 2d 1 (1988).

A third party seeking a copy of a presentence report generally must show some kind of special need. *Id*. But even when a party shows a compelling, particularized need for disclosure of a presentence report, "the court must be sensitive not only to the interests in confidentiality of the particular report, but also to the possible future effects of disclosure in any particular case." *United States v. Corbitt*, 879 F.2d 224, 239 (7th Cir. 1989). Indeed, even when a compelling, particularized need is shown, "the court should limit disclosure to those portions of the [presentence] report which are directly relevant to the demonstrated need." *Id*.

A criminal defendant has a privacy interest in his presentence report because it "routinely describes the defendant's health, family ties, education, financial status, mental and emotional condition, prior criminal history and uncharged crimes." *Huckaby*, 43 F.3d at 138. Additionally,

3

"courts fear that making [presentence reports] publicly available may have a chilling effect on individuals whose information is contained in the reports, that errors and information about uncharged crimes contained in [them] may needlessly harm a defendant's reputation, that [presentence reports] may contain information gathered by the grand jury that is otherwise secret, and that [they] might include facts obtained from confidential informants." *In re Nichter*, 949 F. Supp. 2d 205, 208-09 (D.D.C. 2013) (citing *Huckaby*, 43 F.3d at 138; *United States v. Iqbal*, 684 F.3d 507, 510 (5th Cir. 2012)).

## II. DISCUSSION

In his one-paragraph Motion, Scott asserts no need, much less a special, compelling, or particularized need for the mailing of his sealed presentence report to his home address, where it appears that Scott's intention is for his mother to access the document. [90]; *see Julian*, 486 U.S. at 12; *Corbitt*, 879 F.2d at 329. Rather, Scott merely states that he is "entitled to any case information because [he] neither waived any right nor signed any agreement with the government relinquishing any rights." [90]; s*ee United States v. Dove*, No. 3:08-cr-31, 2008 WL 4820110, at *2 (E.D. Va. Nov. 5, 2008) (the petitioner's "generalized and unsupported assertion of need" did not "satisfy the heightened standard for third-party access to presentence reports"). He also states, with no discussion or evidence in support, that "full access to all case material was preserved to Tonya Scott, sole power of attorney." *Id*.

Unlike in *Huckaby*, where the Fifth Circuit affirmed the district court's unsealing of the defendant's presentence report in a case involving tax evasion by a state district judge—which garnered considerable local publicity and community interest, Scott has not identified, and this Court is unaware of, any prevailing public interest that would justify the disclosure of Scott's

4

presentence report to his mother, a third party. Nor has Scott identified any case where a court has ordered the mailing of a presentence report to the defendant's family member. It appears to the Court that doing so would "involve the spending of government resources for [a] private purpose[]," as well as the "expenditure in time of federal judicial personnel and this court." *In re Morning Song Bird Food Litig.*, 119 F. Supp. 3d 793, 804 (S.D. Ohio 2015), *aff'd*, 831 F.3d 765 (6th Cir. 2016).

Additionally, the Court recognizes that the Motion may be an attempt by Scott to circumvent Bureau of Prisons policy. Indeed, Scott seeks to have the presentence report mailed to his home address "in case of any conflict with BOP policy." [90], p. 1. If the Court mailed the presentence report to Scott's home for access by Scott's mother, the Court may not be able to prevent Scott's mother from mailing the presentence report to him at USP McCreary or to other third parties. This risk of derivative disclosure by Scott's mother is reason enough for the Court to deny Scott's Motion. *See United States v. Trevino*, 89 F.3d 187, 191 (4th Cir. 1996) (routine disclosure of confidential PSR information may compromise the defendant's privacy interest in that material); *see also United States v. Smith*, 992 F. Supp. 743, 749 (D.N.J. 1998) (striking sentencing memorandum after the United States Attorney's Office circumvented Federal Rule of Criminal Procedure 32 by making public the memorandum, containing damaging confidential information similar to that contained in the presentence report). For the reasons stated above, the Court denies Scott's Motion and declines to mail a copy of the presentence report.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant Georgio R. Scott's Motion for Copy of Presentence Investigation Report [90] is DENIED.

SO ORDERED AND ADJUDGED, this, the 27th day of August, 2025.

                                                          **TAYLOR B. McNEEL**
                                                          **UNITED STATES DISTRICT JUDGE**